UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RHODERICK BEERY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV456 RLW |
| | ) | |
| ROBERT CHANDLER, ESQ., JEFFREY | ) | |
| ROPER, ESQ. and BAKER STERCHI | ) | |
| COWDEN & RICE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss Counterclaim of Defendant Roper (ECF No. 30). The motion is fully briefed and ready for disposition. Upon review of the Motion to Dismiss and responses thereto, the Court will deny Plaintiff's motion.

**I. Background**

Plaintiff, Rhoderick Beery, III, filed a Complaint against two attorneys, Robert Chandler and Jeffrey Roper, as well as the law firm of Baker, Sterchi, Cowden & Rice, LLC, ("Sterchi") alleging Intentional Misrepresentation (Fraud) in Count I and Legal Malpractice in Count II. (First Am. Compl., ECF No. 22) Plaintiff asserts that he hired Defendant Roper, who represented himself as a Missouri licensed attorney, to represent Plaintiff in a breach of contract action against National Auto Warranty Services, Inc. ("NAW"). (*Id.* at ¶¶ 13-14) Although Plaintiff entered into a contingency fee agreement with Defendant Roper, he was not an actively licensed attorney at the time the parties executed the contract. (*Id.* at ¶ 14) Roper was never a licensed attorney in Missouri, but he was actively licensed in Illinois in 2001 and from April 8, 2008 through January 15, 2010. (Def. Roper's Answer ¶ 12, ECF No. 28) However, Roper's

letterhead and the contingency fee reflected that he had a law office in Clayton, Missouri. (First Am. Compl. at ¶ 16, ECF No. 22) Roper retained the services of Defendant Robert Chandler, an attorney licensed in Missouri and employed by Defendant Sterchi. (*Id.* at ¶ 20) According to Plaintiff, Defendant Roper did not inform Plaintiff of Chandler's retention, and Chandler filed an action against NAW on Plaintiff's behalf without any communication or agreement with Plaintiff. (*Id.* at ¶¶ 21-22)

Plaintiff further asserts that Roper advised Plaintiff not to accept a $3,000,000 settlement offer from NAW and, as a result, Plaintiff was forced to accept a later settlement offer of $300,000. (*Id.* at ¶ 25(a)) Plaintiff claims that because he was denied the assistance of a licensed and experienced Missouri attorney, he was unable to obtain a full recovery of $15,000,000 damages and that Defendants' inadequate representation prevented Plaintiff from obtaining sufficient monetary damages and accepting other business opportunities. (*Id.* at ¶¶ 25(b)-(f), 28-31) Further, after Plaintiff retained new counsel, Roper filed an attorney's lien against Plaintiff's settlement award, which the Circuit Court of St. Charles County dismissed. (*Id.* at ¶¶ 25(g)-(h)) Plaintiff seeks $15,000,000 against Defendants, as well as costs and attorney's fees.

Defendant Roper filed a counterclaim for Breach of Contract, alleging that Plaintiff and Roper signed an engagement letter that contained a contingency fee agreement and an agreement that Plaintiff reimburse Roper's expenses. (Roper's Counterclaims ¶¶ 1-5, ECF No. 28) Roper maintains that Plaintiff received a consent judgment against U.S. Fidelis, Inc. in the amount of $1,000,000 and collected at least part of that judgment, yet Plaintiff failed to pay any monies owed to Defendant Roper in breach of the agreement. (*Id.* at ¶¶ 6-10) Further, Defendant Roper

contends that he is entitled to payment for the legal services under the theories of Quantum Meruit and Unjust Enrichment. (*Id.* at ¶¶ 12-22)

On June 26, 2014, Plaintiff filed a Motion to Dismiss Counterclaim of Defendant Roper as Against Public Policy. (Mot. to Dismiss, ECF No. 30) Plaintiff claims that Roper's counterclaim is barred by collateral estoppel and/or issue preclusion and that the contract is void as against public policy in Missouri. Defendant Roper argues that the counterclaim is not collaterally estopped because it involves separate issues from the issues determined in the state court and that Missouri Rules and public policy allow Roper to collect fees and expenses either under the contract or under equitable relief theories. Upon thorough review of the motion and responses thereto, the Court finds that dismissal is not warranted at this time.

## II.  Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding*

3

*Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### III. Discussion

### A. Collateral Estoppel

Plaintiff first contends that Defendant Roper's counterclaim is barred by collateral estoppel based upon the ruling by the Circuit Court of St. Charles, Missouri. The state court determined that Roper could not assert an attorney's lien against Plaintiff because he was not a licensed attorney at the time the parties executed the engagement letters setting forth the fee agreement.[1] (Judgment, ECF No. 31) The court explicitly declined to rule on any other

---

[1] While the state court opinion is not part of the Amended Complaint or the Counterclaim in this matter, the Court may "consider public records or materials that are necessarily embraced by the pleadings" when ruling on a motion to dismiss under Rule 12(b)(6). *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1011 (E.D. Mo. 2014) (citations omitted). The Court finds that the

arguments advanced by Plaintiff and instead restricted its holding solely to the finding that "Roper has no right to pursue an attorney's lien because he was not licensed at the time he proffered his 'Engagement Letters.'" (*Id.* at p. 3 n.3)

Plaintiff argues that the state court judgment precludes Defendant Roper from advancing his counterclaim based on collateral estoppel. Under Missouri law, a claim is barred under collateral estoppel only where the following four elements are satisfied:

> (1) the issue decided in the prior adjudication is identical to the issue as to which collateral estoppel is sought in the present adjudication; (2) the prior adjudication was a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or is in privity with a party in the prior adjudication; and (4) the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the prior suit."

*Bowers v. Hiland Dairy Co.*, 188 S.W.3d 79, 86 (Mo. Ct. App. 2006) (citation omitted). "The doctrine of collateral estoppel prevents the party from litigating an issue which that party . . . has litigated, and lost." *Id.* (citation omitted).

Here, the Court agrees with Defendant Roper that the issues raised in his counterclaim are not identical to the issue adjudicated in the state court. The issue adjudicated by the state court pertained solely to whether Roper could pursue an attorney's lien claim. The court found that, because Roper was not a licensed attorney at the time the parties signed the engagement letters, he could not collect under Missouri's lien statutes. (Judgment, ECF No. 31)

In the present case, Defendant Roper advances his counterclaim under the theories of breach of contract, quantum meruit, and unjust enrichment. Thus, the Court finds that the first element of collateral estoppel, that the issue decided in the previous adjudication

---

Judgment entered in the underlying state court action is a matter of public record and one embraced in the pleadings by virtue of Plaintiff's legal malpractice allegations.

is identical to the issue as to which Plaintiff seeks collateral estoppel in the present case, is not satisfied. Indeed, Plaintiff identifies the issue in the state court as the "status of Defendant Roper's bar licenses (or lack thereof)." (Mem. in Support of Pl.'s Mot. to Dismiss p. 4, ECF No. 31) As indicated by the attached Judgment, however, the state court's adjudication was on the narrow issue of whether Roper could assert a claim under Missouri's attorney lien statutes, and the court expressly declined to adjudicate any other issues. (Judgment, ECF No. 31) In response to Defendant Roper's opposition to the motion to dismiss, Plaintiff does not address Roper's argument that the state court issue adjudicated and the issues raised in the counterclaim are not identical. However, based upon the prior state court Judgment and the standard required for this Court to apply the doctrine of collateral estoppel, the undersigned finds that Plaintiff has failed to demonstrate that the issues are identical. Therefore, dismissal is not warranted on collateral estoppel grounds.

### B. Public Policy

Next, Plaintiff argues that Defendant Roper's counterclaim should be dismissed as void against public policy. Plaintiff relies solely on *Strong v. Gilster Mary Lee Corp.*, 23 S.W.3d 234 (Mo. Ct. App. 2000) for the proposition that as an unlicensed Missouri attorney engaging in the unauthorized practice of law without securing pro hac vice status, Roper is not entitled to any attorney's fees or compensation for legal services. *Strong* did not set forth such rule. That case found that the unauthorized practice of law requires dismissal of the underlying cause or treatment of the actions taken by the representative as a nullity. *Id.* at 241. The *Strong* court does not address the issue of attorney's fees or dismissal of a claim for fees based on public policy grounds. At this

6

stage of the proceedings, the Court finds that Roper has at least stated a claim for which relief may be granted to survive a motion to dismiss, and Plaintiff has not provided any specific case law indicating that Missouri law precludes Roper from asserting his claims.[2] The Court also notes that discovery is still ongoing, and the dispositive motion deadline has not yet passed. Thus, the Court will deny Plaintiff's motion to dismiss Roper's counterclaims on the basis of public policy.

Likewise, the Court will deny the motion to dismiss Roper's counterclaims for quantum meruit and unjust enrichment. A party may assert alternative claims for breach of an express contract and equitable relief. *Guarantee Elec. Constr. Co. v. LVC Tech., Inc.*, No. 4:05CV8949 JCH, 2006 WL 950204, at *2 (E.D. Mo. April 10, 2006). Further, whether a party may plead in the alternative is procedural in nature, and thus the Court will apply the law of the forum state. *See Superior Edge, Inc. v. Monsanto Co.*, Civil No. 12-2672 (JRT/FLN), 2014 WL 4414764, at *6 (D. Minn. Sept. 8, 2014) ("[T]he Federal Rules of Civil Procedure explicitly allow parties to include in their pleadings demands for alterative relief . . ."); *Sargent v. Justin Time Transp., L.L.C.*, No. 4:09CV596 HEA, 2009 WL 4559222, at *2 (E.D. Mo. Nov. 30, 2009) ("Pleading in the alternative is clearly allowed under Federal Rule of Civil Procedure 8(e)."). Missouri law does not allow recovery under both an express contract and equitable theories of relief. *Level 3*

---

[2] The Court notes that "Missouri courts have held that no cause of action lies for breach of contract or other claims seeking to recover on the basis of an unenforceable [fee-splitting] agreement." *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 436 (8th Cir. 2010). In *Eng*, the court, on a motion for summary judgment, determined that the defendant law firm violated Rule 4-1.5(e) of the Missouri Rules of Professional Conduct. *Id.* at 435. Only after that determination did the court address whether the defendant could maintain an action for fraud, misrepresentation, and unjust enrichment. *Id.* at 435-36. Here, Plaintiff appears to ask the Court to presume that Roper violated the Missouri Rules of Professional Conduct, a point which Roper has not conceded, nor the Court yet determined.

*Commc'ns, LLC v. Illinois Bell Tel.Co.*, No. 4:14-CV-1080 (CEJ), 2014 WL 414908, at *6 (E.D. Mo. Feb. 4, 2014) (citation omitted). However, a plaintiff may plead alternative claims for relief in the complaint. *Id.*; *see also Superior Edge,* 2014 WL 4414764, at *6 (citations omitted) ("In reliance upon the Rule 8, federal courts in Missouri have consistently denied motions to dismiss quasi-contract claims even where the pleading also alleges the existence of an express contract."); *Guarantee Elec. Constr. Co.*, 2006 WL 950204, at *2 (E.D. Mo. April 10, 2006) ("Because a party may set forth two or more claims alternatively when it does not know upon which precise theory the evidence may entitle recovery, it is settled law that joining a count based on an expressed contract with a count based on quantum meruit does not create an inconsistency."). Thus, the Court will allow Defendant Roper's alternative pleadings for equitable relief and deny Plaintiff's Motion to Dismiss Counterclaim in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Counterclaim of Defendant Roper as Claim is Against Public Policy (ECF No. 30) is **DENIED.**

Dated this  20th  Day of January, 2015.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**