UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RHODERICK BEERY, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:14-CV-00456 RLW |
| ) | |
| ROBERT CHANDLER, ESQ., JEFFREY ) | |
| ROPER, ESQ. and BAKER STERCHI ) | |
| COWDEN & RICE, LLC, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ITS CAUSE OF ACTION WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)

COMES NOW, Plaintiff, by and through counsel, and moves this court to allow Plaintiff to voluntarily dismiss its cause of action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. In support, thereof, Movant states:

1) That on March 12, 2014 Plaintiff filed a complaint against the Defendants followed by an Amended Complaint (Doc. #22) on May 23, 2014. The Amended Complaint pleads two counts; misrepresentation and legal malpractice.

2) That on June 5, 2004 Defendant Jeffrey Roper filed his Answer and a Counterclaim (Doc. #28) and on June 6, 2004 Defendants Robert Chandler and Baker Sterchi, Cowden & Rice, LLC filed their Answer to the Amended Complaint.

3) In Plaintiff's Amended Complaint (Document #22, ¶ 8) Plaintiff's father assigned his interest in this matter to Plaintiff.

4) Recently counsel for Plaintiff, during case review, discovered that assignment of a legal malpractice claim is against public policy in Missouri. See *VinStickers, LLC v. Stinson Morrison Hecker*, 369 S.W.3d 764 (Mo.App. W.D. 2012). Based upon this information, Plaintiff needs to voluntarily dismiss his cause of actions against Defendants and re-file this matter in

accordance with the laws of the State of Missouri regarding assignment of legal malpractice claims.

5)      Defendants Robert Chandler and Baker Sterchi Cowden & Rice, LLC consent to Plaintiff's motion to voluntarily dismiss its cause of action without prejudice.

6)      Defendant Jeffrey Roper does not consent to Plaintiff's voluntary dismissal of his Amended Complaint.

7)      Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order." Plaintiff moves this court to grant its voluntary dismissal in order to allow Plaintiff and Plaintiff's father to re-file this matter to perfect their interests in the claims against Defendants.

8)      Plaintiff does not object to Defendant Jeffrey Roper continuing the pursuit of his claim against Plaintiff in the instant case. Defendant Jeffrey Roper's counterclaim can remain pending for independent adjudication in this court (as required by Rule 41(a)(2)).

Wherefore, Plaintiff moves this court to allow Plaintiff to voluntarily dismiss his cause of action against all Defendants in this matter and allow Defendant Jeffrey Roper to pursue his counterclaim against Plaintiff before this court (as per Defendant Roper's request) and enter any other Orders this court deems necessary and proper.

       */s/ Christopher S. Swiecicki*
Christopher S. Swiecicki #38402MO
Attorney At Law
17295 Chesterfield Airport Road, Suite 200
Chesterfield, MO 63005
636.530.3608 Office
314.341.5796 Cell
636.530.0596 Fax
Christopher.Swiecick@gmail.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been served via the court's electronic filing system on this 3rd day of January, 2015.

                                                */s/ Christopher S. Swiecicki*