IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RHODERICK BEERY, III, | ) |
| Plaintiff, | ) Case No: 4:14-cv-00456-JCH |
| vs. | ) |
| JEFFREY ROPER, et. al., | ) |
| Defendants. | ) |

**DEFENDANT JEFFREY ROPER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS HIS CAUSE OF ACTION WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2)**

COMES NOW Defendant Jeffrey Roper ("Roper"), by and through counsel, and for his Memorandum in Opposition to Plaintiff's Motion to Voluntarily Dismiss his Cause of Action without Prejudice Pursuant to Rule 41(a)(2) ("Motion to Dismiss"), states as follows:

Plaintiff seeks a court order dismissing his cause of action and granting him a third opportunity to correct the claims in his complaint. Unless the Court attaches certain terms to Plaintiff's dismissal, Roper will be severely prejudiced if Plaintiff's Motion to Dismiss is granted in the following ways: (1) Roper will lose his defense that Plaintiff cannot prove his legal malpractice claim without expert testimony; (2) Roper will lose his defense that Plaintiff's father's, Rhoderick Beery, II's, claims are barred by the statute of limitations; (3) Plaintiff will be permitted to forum shop; (4) Roper will be generally prejudiced by Plaintiff dismissing his case this late in the proceedings; and (5) Roper will be forced to defend an additional suit if Plaintiff refiles his lawsuit. For these reasons, Roper requests that the Court deny Plaintiff's Motion to Dismiss or, in the alternative, either dismiss Plaintiff's claims with prejudice or grant Roper's requested terms that would be enforced upon Plaintiff's subsequent refiling of a lawsuit against Roper.

1

**I.     Defendant will be severely prejudiced if the Court grants Plaintiff's Motion to Dismiss, so Plaintiff's motion to voluntarily dismiss his claims should be denied.**

The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect or prejudice the other side. *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). "[P]rejudice" in this context [means] something other than the necessity that defendant might face of defending another action. That kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). A "party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Donner v. Alcoa*, 709 F.3d 694, 697 (8th Cir. 2013).

    1.     **Roper will be prejudiced because, unless conditions are attached to the dismissal, Plaintiff will be able to escape his adverse, self-imposed restriction on designating expert witnesses to prove his case.**

Plaintiff's Motion to Dismiss should be denied, as he is arguably trying to escape an adverse situation in which he can no longer call expert witnesses to prove his legal malpractice claim. "Expert testimony is generally required in legal malpractice claims except in a 'clear and palpable' case." *Steward v. Goetz*, 945 S.W.2d 520, 532 (Mo. Ct. App. 1997). Plaintiff had until September 1, 2014, to disclose his expert witnesses. Plaintiff failed to do so, and his counsel has confirmed that he will not name or call any expert witnesses to testify in this case. (Docket #27, Case Management Order, May 30, 2014; Email from Christopher Swiecicki to Gerard Noce, September 11, 2014, **Exhibit A**). Plaintiff's lack of expert witnesses to prove his legal malpractice allegations is fatal to his claim.

If Plaintiff is granted leave to dismiss his claims and refile without conditions, however, Plaintiff will be able to designate expert witnesses to Roper's detriment. It is impossible to comprehend how Plaintiff could prove his legal malpractice claim without expert testimony.

2

Plaintiff should not be given a second chance to remediate his handling of his claim and force Roper to waive one of his valid defenses. *See Hamm v. Rhone-Poulenc Rorer Pharm, Inc.*, 187 F.3d 941, 951 (8th. Cir. 1999) ("The district court concluded that voluntary dismissal would waste the substantial efforts expended by the magistrate judge and the district court and would prejudice defendants by depriving them of a valid defense. We hold that the district court did not abuse its discretion in denying appellants' motion to voluntarily dismiss under Rule 41(a)(2)."). Therefore, Plaintiff's Motion to Dismiss should be denied.

 2. <u>Roper has already "won" his case against Plaintiff's father, Rhoderick Beery, II, because that claim is barred by the statute of limitations. Permitting Plaintiff to dismiss his claim and refile with Beery II as a co-Plaintiff would therefore be prejudicial to Roper.</u>

"One sort of prejudice that cannot be cured by the attachment of conditions is the loss by defendant of success in the first case. If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

Beery II is barred from filing any legal malpractice claim, as the statute of limitations has expired.[1] "Actions for legal malpractice based on negligence are subject to a five-year statute of limitations set forth in section 516.120(4) RSMo. That period begins to run when the cause of action accrues, meaning when the damage is sustained and capable of ascertainment." *Coin Acceptors, Inc. v. Haverstock, Garrett & Roberts LLP*, 405 S.W.3d 19, 27 (Mo. Ct. App. 2013). "Damage is ascertainable when the fact of the damage can be discovered or made known. However, all possible damages need not be known or knowable. Ascertainment is when a reasonable person would have been put on notice that an injury may have occurred and would have

---

[1] Beery II's legal malpractice claim was not assignable. Since it was not filed within the five year legal malpractice statute of limitations, Plaintiff cannot receive the benefit of the savings statute, *i.e.* one year to refile after a dismissal without prejudice. *See* Mo. Rev. Stat. § 516.230.

3

undertaken to ascertain the extent of the damages." *Id.* (internal citations omitted).

Plaintiff's damages were capable of ascertainment no later than November 6, 2009, as indicated by the following facts. For one of Plaintiff's legal malpractice allegations, Plaintiff claims that Roper failed to advise Plaintiff the risks of declining a $3,000,000 settlement. (First Amended Complaint, or "Complaint," ¶ 29). In other words, one of Plaintiff's damages allegedly occurred when the settlement advice was provided, which was on April 8, 2009. (**Exhibit B**, Plaintiff's deposition, July 22, 2014, at 97:13-25).

Plaintiff alleges that he would have reconsidered Roper's advice if Plaintiff "knew of the lack of experience of Defendant Roper. . ." (Complaint, ¶ 30). Plaintiff also alleges that "upon learning of the misrepresentation of Roper, Plaintiffs were required to immediately obtain new counsel and agree to a financial settlement that paid Plaintiffs pennies on the dollar." (Complaint, ¶ 25(g)). Plaintiff acknowledged in his deposition that (1) the "misrepresentation of Roper" was the fact that Roper was neither a Missouri attorney nor "an attorney at all," and (2) the "new counsel" was Dan Goldberg, who entered his appearance on November 6, 2009.

Therefore, Plaintiff knew on at least November 6, 2009 that he was allegedly damaged. He knew then that Roper was allegedly not a Missouri-licensed attorney and had offered negligent legal advice in April of 2009. So, the statute of limitations started running no later than November 6, 2009, not anytime later when, for example, the attorney-client relationship ended. *See Zero Mfg. Co. v. Husch*, 743 S.W.2d 439, 441-42 (Mo. Ct. App. 1987) ("Missouri refuses to hold that a continuing relationship between an attorney and his client postpones the commencement of the running of the statute of limitations."). Five years after that date is November 6, 2014, which makes Plaintiff's attempt to dismiss this motion in February 2015 and add Plaintiff's father as a party nothing other than a thinly veiled attempt to circumvent the statute of limitations on the father's

claims.

>    3.   Plaintiff is trying to escape federal diversity jurisdiction, which is prohibited under Rule 41(a)(2).

Plaintiff admits in his Motion to Dismiss that he seeks to refile his claims with his father as a co-Plaintiff. (*See* Motion to Dismiss, ¶ 7). Plaintiff admits in his First Amended Complaint that all Defendants are Missouri citizens. (Complaint, ¶¶ 2-4). Plaintiff further has admitted that his father lives in Missouri. (**Exhibit B**, 33:15-19). Under 28 U.S.C. § 1332(a)(1), federal courts require that the parties be citizens of different states. Therefore, granting Plaintiff's Motion to Dismiss would permit him to forum shop, which is prohibited under Rule 41(a)(2). *See Donner v. Alcoa*, 709 F.3d 694, 697 (8th Cir. 2013) ("A party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.").

**II.     The Rule 41(a)(2) factors weigh heavily in favor of denying Plaintiff's Motion to Dismiss**

Courts have looked at the following factors in deciding a Rule 41(a)(2) motion: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." And these other factors have also been considered in support of denying a motion for voluntary dismissal: "[5] emotional and psychological trauma associated with the experience of defending another lawsuit. . . [and  6], the absence of a justification for the proposed dismissal." *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). These factors are addressed below:

>    (1), (5) Defendant's effort and expense involved in preparing for trial; emotional and psychological trauma associated with the experience of defending another lawsuit.

Jeff Roper has spent in excess of $65,000 in legal fees and expenses defending himself in this lawsuit. His fees and expenses are only increased by Plaintiff's attempts to drag this case by

5

adding an additional party, which will require additional fees to prepare a defense against.

Moreover, Roper has had a fraud count hanging over his head for this past year. This case is now set for trial on July 6, 2015. To permit Plaintiff to voluntarily dismiss his case without prejudice would create a scenario where Roper has to think for the next year that Plaintiff could refile their fraud claim, only to restart the clock for the jury trial. This is inequitable and should not be permitted.

> (2), (3), (6) <u>Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; Insufficient explanation of the need to take a dismissal; absence of a justification for the proposed dismissal.</u>

Plaintiff has waited until one month before discovery ended to attempt to voluntarily dismiss his case. And Plaintiff has provided no explanation for why it should be dismissed except that "[r]ecently counsel for Plaintiff, during case review, discovered that assignment of a legal malpractice claim is against public policy in Missouri. Based upon this information, Plaintiff needs to voluntarily dismiss his cause of actions against Defendants and re-file this matter in accordance with the laws of the State of Missouri regarding assignment of legal malpractice claims." (Motion to Dismiss, ¶ 4).

Plaintiff's failure to include his father as a party in this lawsuit is inexcusable neglect. "Legal malpractice claims are not now and have never been assignable in Missouri." *Freeman v. Basso*, 128 S.W.3d 138, 142 (Mo. Ct. App. 2004). Plaintiff's failure to provide a proper explanation for his delay in adding Plaintiff's father to the case destroys his ability to be afforded relief through this motion to dismiss. *See Cotleur v. Danziger*, 870 S.W.2d 234, 238 (Mo. 1994) ("Generally, actions of a party's attorney, including procedural neglect that precludes a client's substantive rights, are imputed to the client. . . . The rule attributing an attorney's neglect to the party is a harsh rule. . . . The consequence of not imputing the neglect to the party, however, is to

6

excuse the attorney of professional negligence, an excuse the law does not and cannot countenance."). Plaintiff's attorney's neglect in this case should not be an excuse for Plaintiff failure to add his father as a party. Plaintiff's lack of explanation should result in the Court either dismissing his claims with prejudice or denying his motion. *See Calhoun v. Wal-Mart*, No. 4:06CV683 CDP, 2007 WL 1289792, at *1 (E.D. Mo. May 1, 2007) *aff'd*, 330 F. App'x 119 (8th Cir. 2009) (dismissing Plaintiff's claims with prejudice in Rule 41(a)(2) motion in a similar fact pattern where discovery was closed, case was set for trial "in a few months," and Plaintiff's explanation for dismissal was insufficient).

It is further unclear why Plaintiff's father has changed his mind and now desires to be part of this case. When asked in his deposition why he was not part of the lawsuit, he responded, "I didn't want to be involved. . . . I don't take the stress. I just don't want—I don't want to be here. I'm terrified of the heights, and I've been through this so many years and so long I don't want to be involved any more. And I don't want to testify." (**Exhibit C**, Rhoderick Beery, II's deposition, September 23, 2014, 13:23-14:10). The contradiction between Plaintiff's father's testimony and Plaintiff's actions provide further support for the argument that Plaintiff has ulterior motives in his dismissal, such as evading the expert-witness predicament he faces or seeking a more favorable state court forum. Roper should not have to suffer the consequences of Plaintiff's equivocation.

### III. If the Court grants Plaintiff's Motion, Plaintiff should be required to pay attorney's fees upon refiling and not be permitted a second chance at designating expert witnesses or to bring a legal malpractice claim on Plaintiff's father's behalf.

Under Fed. R. Civ. P. 41(a)(2), "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "As provided by Federal Rule of Civil Procedure 41(a)(2), a court's decision to allow voluntary dismissal 'may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion deems

7

necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice.'" *Burke v. Versa-Tags, Inc.*, No. 4:09CV0521 ERW, 2009 WL 3433471, at *2 (E.D. Mo. Oct. 19, 2009).

Plaintiff's voluntary dismissal will prejudice Roper by (1) forcing him to defend this suit and an additional one if Plaintiff refiles; (2) giving Plaintiff a second chance to designate an expert witness, which eliminates one of Roper's defenses in this case; and (3) granting Plaintiff's father an opportunity to file his lawsuit against Roper after it already is barred by the statute of limitations. If the Court grants Plaintiff's dismissal without prejudice, Roper requests that the court set the following terms for the dismissal.

(1) <u>Attorney's fees and expenses</u>. "In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995). "In fact, this [Eighth Circuit] Court has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled." *Id.*

Accordingly, if Plaintiff's Motion to Dismiss is granted, should Plaintiff refile this case he should be required to pay all of Roper's fees and expenses incurred in defending against this action, which are currently in excess of $65,000.

(2) <u>Prohibition from calling future expert witnesses</u>. Plaintiff should be precluded from calling future expert witnesses. As noted above, he has had an opportunity but failed to do so and should not be rewarded with a second chance via his Rule 41(a)(2) dismissal and refiling.

(3) <u>Rhoderick Beery II's legal malpractice claim is barred</u>. Roper would be prejudiced if Plaintiff's father could now file a legal malpractice claim, as that has been barred by the statute of

8

limitations.

WHEREFORE, Defendant Jeffrey Roper respectfully requests that this Court deny Plaintiff's Motion to Voluntarily Dismiss his Cause of Action without Prejudice Pursuant to Rule 41(a)(2); or in the alternative, grant the Motion subject to terms granting Roper's requests for attorney's fees and expenses from the first lawsuit should Plaintiff later refile his lawsuit, prohibiting Plaintiff from designating expert witnesses if he refiles his lawsuit against Roper, and granting Roper's request that Rhoderick Beery II's legal malpractice claim is barred by the statute of limitations and that the claim be dismissed with prejudice; or in the alternative, dismiss all Plaintiff's claims with prejudice; and in conjunction with these requests, Roper requests that his counterclaim against Plaintiff remain pending and for Roper to be awarded his costs and attorneys' fees incurred herein, and for such other and further orders that this Court deems fit and proper.

Respectfully submitted,

　/s/ Christopher V. Daming　
R. C. Wuestling, #30773MO
Christopher V. Daming, #64804MO
Attorneys for Defendant Jeffrey Roper, Esq.
Wuestling & James, L.C.
720 Olive Street, Suite 2020
St. Louis, MO 63101
Phone:  (314) 421-6500
Fax:     (314) 421-5556
E-mail: wuestling@wuestlingandjames.com
　　　　daming@wuestlingandjames.com

CERTIFICATE OF SERVICE

      I hereby certify that on February 5, 2015, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system the following:

Mr. Christopher Swiecicki
Christopher.swiecicki@gmail.com
*Attorneys for Plaintiff*

Gerry Noce
Gerard.Noce@heplerbroom.com
*Attorneys for Co-Defendants*

      /s/ Christopher V. Daming