UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RHODERICK BEERY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV456 RLW |
| | ) |
| ROBERT CHANDLER, ESQ., JEFFREY | ) |
| ROPER, ESQ. and BAKER STERCHI | ) |
| COWDEN & RICE, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Voluntarily Dismiss its Cause of Action Without Prejudice Pursuant to Rule 41(a)(2) (ECF No. 49). Defendants Robert Chandler and Baker Sterchi Cowden & Rice, LLC do not oppose the motion. Defendant Jeffrey Roper has filed a Memorandum in Opposition to the motion. The motion is fully briefed and ready for disposition. Upon review of the Motion to Voluntarily Dismiss and responses thereto, the Court will grant Plaintiff's motion.

## I. Background[1]

Plaintiff, Rhoderick Beery, III, a resident of Nebraska, filed a Complaint against two attorneys, Robert Chandler and Jeffrey Roper, as well as the law firm of Baker, Sterchi, Cowden & Rice, LLC, ("Sterchi") alleging Intentional Misrepresentation (Fraud) in Count I and Legal Malpractice in Count II. (First Am. Compl., ECF No. 22) This Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff asserts that he and his father hired Defendant Roper, who

---

[1] The facts of this case are more fully set forth in this Court's Memorandum and Order of January 20, 2015, denying Plaintiff's Motion to Dismiss Counterclaim of Defendant Roper (ECF No. 48) The Court incorporates those facts by reference as if fully set forth herein.

represented himself as a Missouri licensed attorney, to represent them in a breach of contract action against National Auto Warranty Services, Inc. ("NAW").[2] Roper was not licensed in Missouri and was actively licensed in Illinois for a portion of the time he represented Plaintiff and his father. Roper hired Defendant Chandler, who was employed by Defendant Sterchi as local counsel to aid in litigating Plaintiff's claim, without Plaintiff's knowledge. Plaintiff alleges that Defendants provided fraudulent and inadequate representation and committed legal malpractice, causing Plaintiff and his father to lose millions of dollars in settlement proceeds.

Defendant Roper filed a counterclaim for Breach of Contract, seeking to enforce a contingency fee agreement and an agreement that Plaintiff reimburse Roper's expenses. Further, Defendant Roper contends that he is entitled to payment for the legal services under the theories of Quantum Meruit and Unjust Enrichment.

On January 20, 2015, this Court denied Plaintiff's Motion to Dismiss Roper's Counterclaim. (ECF No. 48) Thereafter, Plaintiff filed a Motion to Voluntarily Dismiss its Cause of Action Without Prejudice, asserting that assignment of a legal malpractice claim is against public policy in Missouri. Thus, Plaintiff argues that he must voluntarily dismiss his cause of action and refile the matter in Missouri state court, as the addition of his father, a Missouri resident, deprives this Court of diversity jurisdiction. Defendants Chandler and Sterchi do not oppose the motion. Defendant Roper has filed a response in opposition, arguing that the dismissal and refiling of the case in state court would prejudice Roper. He argues that he would lose some of his defenses, he would be forced to defend an additional lawsuit, and Plaintiff would be allowed to forum shop. Roper further asserts that, should the Court grant Plaintiff's motion, Plaintiff should be required to pay Roper's attorney's fees and should not be permitted to

---

[2] Plaintiff notes in his First Amended Complaint that his father, Rhoderick Beery, II, assigned his interest in this matter to the named Plaintiff.

2

designate expert witnesses or bring a legal malpractice claim on behalf of Plaintiff's father in state court.

## Discussion

Under Federal Rule of Civil Procedure 41(a)(2), after a defendant has served an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Further, and applicable to this action, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."[3] Under Eighth Circuit law:

> "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

Here, Plaintiff claims that recently, during case review, counsel discovered that assignment of a legal malpractice claim is against public policy in Missouri. In *VinStickers, LLC v. Stinson Morrison Hecker*, 369 S.W.3d 764, 767 (Mo. Ct. App. 2012), the Missouri Court of Appeals noted that legal malpractice claims are not assignable in Missouri and the assignment of such claim is against public policy. Plaintiff acknowledges, and Defendant Roper does not dispute, that his father assigned his interest in the legal malpractice claim to Plaintiff. (First Am. Compl. ¶ 8 fn. 1, ECF No. 22) Plaintiff seeks to add his father as a named plaintiff to have his

---

[3] Defendant does not argue that dismissal of Plaintiff's complaint precludes him from litigating his counterclaim in federal court.

3

day in court. However, because Plaintiff's father is a citizen of Missouri, his addition would destroy diversity jurisdiction in federal court.

Roper argues that he will be prejudiced if this Court allows Plaintiff to voluntarily dismiss his case, and Plaintiff then refiles in state court. He specifically asserts that he will lose his defense that Plaintiff cannot prove his legal malpractice claim without an expert witness, as Plaintiff failed to designate an expert witness in his Rule 26 disclosures. In addition, Roper contends that he will lose his statute of limitations defense and that Plaintiff is attempting to escape federal jurisdiction by forum shopping. Finally, Roper argues that he will be severely prejudiced because he has already expended effort and expense in defending this lawsuit, which has progressed and is set for trial in a few months.

Upon review of the motion and related memoranda, the Court finds that Plaintiff has satisfied the criteria for voluntary dismissal. First, Plaintiff is correct that his father cannot assign his interest in a legal malpractice claim to Plaintiff. Plaintiff's father, who also retained and was represented by Roper, should have the opportunity to bring his claim in court.[4] Further, the Court finds that this case has not progressed to the point where judicial time and effort would be wasted. While discovery is closed and Defendant Roper and Plaintiff have filed cross-motions for summary judgment,[5] the Court granted the motions of Plaintiff and Defendants Chambers and Sterchi to stay their dispositive motion deadlines until after this Court rules on the motion to voluntarily dismiss. *See Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993) (affirming voluntary dismissal after some discovery had been completed and defendants filed a motion for summary judgment); *Kern v. TXO Prod. Corp.*, 738

---

[4] The Court is aware that the statute of limitations may be an issue. However, the state court is capable of making this determination after Plaintiff joins his father and refiles in state court.
[5] The Court notes that Defendant Roper and Plaintiff filed the motions after Plaintiff filed his motion to voluntarily dismiss this case and that these motions are not fully briefed.

4

F.2d 968, 971 (8th Cir. 1984) (affirming the voluntary dismissal without prejudice after plaintiff presented all but one witness at trial).

In addition, the Court finds that Defendant Roper has not demonstrated the requisite prejudice. To defeat a motion under Rule 41(a)(2), a defendant must show legal prejudice, which means "something other than the necessity that defendant might face of defending another action." *Kern*, 738 F.2d at 970. Further, "[t]he expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014). Here, the parties can use the discovery taken in their federal case in a state court action such that they can avoid duplication. *See Kern v. TXO Prod. Corp.*, 738 F.2d at 973 (noting that discovery taken in the first suit should be freely usable in the second). In addition, Defendant is not legally prejudiced by defending Plaintiff's claims in a second action. *CitiMortgage, Inc. v. Chicago Bancorp., Inc.*, No. 4:12CV246 CDP, 2014 WL 6607082, at *3 (E.D. Mo. Nov. 19, 2014); *see also Mullen*, 770 F.3d at 728 (finding that the loss of a tactical advantage does not constitute legal prejudice). Finally, Defendant Roper's counterclaim for breach of contract and equitable relief will remain pending in this Court, and Defendant may continue to use prior discovery and assert his claims against the Plaintiff. Therefore, the Court finds that voluntary dismissal of Plaintiff's first amended complaint is warranted.

Defendant Roper also requests that, should the Court dismiss Plaintiff's cause of action, Plaintiff be required to pay attorney's fees upon refiling and not be permitted to designate experts or bring a legal malpractice claim on his father's behalf. The Court declines to award such relief. "'[P]ayment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a) but . . . omission of

such condition is not necessarily an arbitrary act.'" *Mullen*, 770 F.3d at 729 (quoting *Kern*, 738 F.2d at 972)). Courts look to the time and effort made by the parties, as well as the stage to which the litigation has progressed. *Id.* (citation omitted). Here, while discovery has closed, and Roper and Plaintiff have filed cross-motions for summary judgment which are not fully briefed, the Court finds that attorney's fees are not warranted. Almost all the efforts expended thus far by Roper can be used in any state court litigation, as well as in the pending counterclaim before this Court. *Id.* Further, Defendant Roper cites no authority for his proposition that this Court may impose limitations on Plaintiff's state court claims. Therefore, the undersigned will deny Defendant Roper's request for attorney's fees and additional relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Voluntarily Dismiss its Cause of Action without Prejudice (ECF No. 49) is **GRANTED**. Defendant Roper's counterclaim remains pending before this Court.

**IT IS FURTHER ORDERED** that Plaintiff Rhoderick Beery, III's Motion for Summary Judgment Against Defendant Jeffrey Roper (ECF No. 64) is **DENIED** as **MOOT**.

Dated this 3rd Day of April, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE