UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RHODERICK BEERY, III,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CHANDLER, ESQ., JEFFREY ROPER, ESQ. and BAKER STERCHI COWDEN & RICE, LLC,<br><br>Defendants. | No. 4:14CV456 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jeffrey Roper's Motion to Voluntarily Dismiss his Counterclaim Without Prejudice Pursuant to Rule 41(a)(2) (ECF No. 73). Upon review of the motion, the Court will grant Defendant's request.

The facts of this case are fully set forth in this Court's Memorandum and Order of January 20, 2015, denying Plaintiff's Motion to Dismiss Counterclaim of Defendant Roper (ECF No. 48) and the Memorandum and Order of April 3, 2015, granting Plaintiff's Motion to Voluntarily Dismiss his Cause of Action Without Prejudice Pursuant to Rule 41(a)(2) (ECF No. 70). The Court incorporates those facts by reference as if fully set forth herein.

Upon dismissal of Plaintiff's claims, Defendant Jeffrey Roper filed a motion to voluntarily dismiss his counterclaim. Roper asserts that he seeks to avoid possibly inconsistent rulings and desires to have his counterclaim heard in the same court.

Under Federal Rule of Civil Procedure 41(a)(2), after a defendant has served an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court

considers proper." Further, "'a decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court.'" *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

In the instant case, the Court finds that dismissal of Roper's counterclaim is proper. Litigating the claim and the counterclaim in the same court promotes judicial economy and eliminates the possibility of inconsistent rulings. As stated in this Court's Memorandum and Order of April 3, 2015, the case has not progressed to the point where judicial time and effort would be wasted. Further, as previously stated, the parties are not prejudiced by dismissing the action, as they may use discovery taken in federal court in the state court proceedings, and defending claims in a second action does not constitute legal prejudice. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jeffrey Roper's Motion to Voluntarily Dismiss his Counterclaim without Prejudice (ECF No. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Jeffrey Roper's Motion to Compel (ECF No. 55) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Defendant Jeffrey Roper's Motion for Summary Judgment (ECF No. 57) is **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that Defendant Jeffrey Roper's Motion to Extend

Deadline to File Reply to his Motion for Summary Judgment (ECF No. 74) is **DENIED** as **MOOT.**

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th Day of April, 2015.